**Linda CARBONE, Plaintiff,**

v.

**Nelson HORNER, individually and as the Chief of Police of the Borough of California and the Borough of California, Defendants.**

**Civ. A. No. 87–2573.**

United States District Court,
W.D. Pennsylvania.

April 6, 1988.

William Jon McCormick, Bentleyville, Pa., for plaintiff.

Peter J. Taylor, David L. Haber, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

MENCER, District Judge.

Linda Carbone has brought this action alleging that the Chief of Police of the Borough of California deprived her of her civil rights by conducting an intrusive investigation into her background without a legitimate purpose. The defendants filed a Motion to Dismiss which is presently before this court.

### 1. *Factual Summary*

Carbone alleges that she has had two significant contacts with the Borough of California. The first occurred on October 1, 1985, when Nelson Horner, Chief of Police of the Borough of California, stopped Carbone for traffic violations. Horner concluded his investigation of the October 1 incident in October, 1985.

The second event occurred on December 28, 1985, when Officer Charles Rapp of the California Borough Police Department stopped Carbone for additional traffic violations. Carbone subsequently alleged publicly that Rapp offered to dismiss the charges against her in exchange for sexual favors. The District Attorney filed charges against Rapp and the Mayor ordered Horner to conduct an internal investigation. Eventually, Rapp brought "legal action" against the Mayor and Carbone. Complaint at 2.

The essence of Carbone's complaint is that Horner conducted an improper investigation into her background, then released the information to Rapp and others. The subject of Horner's investigation should have been whether Rapp behaved in the alleged manner. Instead, Horner extensively and intrusively probed Carbone's background, including, inter alia, requesting an FBI investigation. Furthermore, Horner continued his inquiries after the official investigation into the incident had concluded. Carbone alleges that Horner conducted the intrusive investigation to aid Rapp in defending the charges against him and to facilitate Rapp's own legal actions, not as part of a legitimate internal inquest. Carbone alleges that Horner deprived her of her constitutional right to privacy by using his state-granted authority to uncover intimate facts about her for personal, not public, reasons.

### 2. *Legal Analysis*

"In any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). For purposes of this Motion to Dismiss, this court will consider the facts in the light most favorable to Carbone. *Robb v. City of Philadelphia*, 733 F.2d 286 (3d Cir.1984). We will grant the defendants' Motion to Dismiss only if Carbone can prove no set of facts that will entitle her to relief. *Id.*

Neither party disputes that Horner acted under the color of state law; throughout the relevant events, Horner acted as Police Chief, not as a private individual. Thus, the only issue for adjudication is whether

Horner's probe into Carbone's background deprived her of any federal rights, privileges, or immunities. Carbone asserts that Horner's conduct deprived her of her privacy rights. The ultimate issue, therefore, is whether one's constitutional right to privacy is infringed when a police chief uses his official authority to investigate the plaintiff's background for improper purposes rather than to achieve legitimate state objectives.

Under the facts as alleged by Carbone, the result becomes obvious; Carbone's complaint states a cause of action. The Constitution protects us from extensive and intrusive governmental scrutiny not in furtherance of bona fide state goals. Carbone has alleged that Horner used his official authority to retaliate against her for her allegations of sexual misconduct by Rapp. We feel confident in concluding that the police should have the right and authority to investigate individuals only when motivated by legitimate police concerns.

The case law, while not directly on point, supports the proposition that the police's power to investigate is not unlimited. For example, in *Genusa v. City of Peoria*, 619 F.2d 1203 (7th Cir.1980), Peoria had an ordinance requiring the police department to make a special investigation into the background of anyone applying for a license to operate an adult bookstore. The court found that the justification offered by Peoria violated the First Amendment and was unconstitutional. Because Peoria could offer no *legitimate* justification for the investigation, the court concluded that the investigation constituted an impermissible invasion of privacy. *Id.* at 1215.

Similarly, in *Ramie v. City of Hedwig Village, Texas*, 765 F.2d 490 (5th Cir.1985), the court examined a police investigation in the context of privacy rights. The police brought the plaintiff to the station for questioning in connection with a sexual crime. Ramie argued that the interrogation techniques invaded her rights to privacy. The circuit court ultimately found that Ramie's rights were not infringed because the police had a legitimate reason to interrogate her. Absent the legitimate state interest in criminal investigations, however, the result would have changed. "The liberty interest in privacy encompasses ... the freedom from being required to disclose personal matters to the government.... The disclosure strand of the privacy interest in turn includes the right to be free from the government disclosing private facts about its citizens *and from the government inquiring into matters in which it does not have a legitimate and proper concern."* *Id.* at 492 (emphasis added). *See also Whalen v. Roe*, 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977); *Angola v. Civiletti*, 666 F.2d 1 (2d Cir. 1981) (compelling one to cooperate with law enforcement authorities violates one's privacy rights); *United States v. Clark*, 531 F.2d 928 (8th Cir.1976) (the recording and tracing of a gun's serial number is too intrusive without a reasonable suspicion of criminal activity).

The defendants cite *Dixon v. Pennsylvania Crime Commission*, 67 F.R.D. 425 (M.D.Pa.1975), to support their argument that police investigation and publication of the results does not abridge the constitutional right to privacy. However, in *Dixon*, the court balanced a legitimate state interest against an invasion of privacy. Carbone alleges that Horner had no legitimate reason to probe into her past. The same distinction can be drawn with the other cases the defendants cite; an intrusion into an individual's private life may be justified when part of a criminal investigation and yet unjustified when not in furtherance of a bona fide state interest. *See Hopper v. Hayes*, 573 F.Supp. 1368 (D.Idaho 1983); *Kipps v. Ewell*, 391 F.Supp. 1285 (W.D.Va.1975).

### 3. *Conclusion*

Under the present posture of this case, we do not, nor should we, make any judgment about whether Horner acted improperly. Nonetheless, if Carbone's allegations are true, if Horner used his official authority to probe and pry into Carbone's past in order to benefit himself and his friend, then he violated her civil rights. Such behavior conjures up nightmare-like visions in which, to borrow Carbone's imagery, Big

Brother is watching us and governmental officials can maliciously or whimsically pry into and reveal our pasts. This court believes that the Constitution protects us from such nightmares.

## ORDER

AND NOW, this 6th day of April, 1988, for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that:

(1) the defendants' Motion to Dismiss is DENIED; and

(2) the defendants shall file an Answer on or before April 21, 1988.